**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| FEDERAL INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>        v.<br><br>CAS HOSPITAL CORPORATION, ET AL.,<br><br>    Defendants. | CIV. NO. 05-1239 (PG) |

**OPINION AND ORDER**

    Before the Court is defendant Hospital Alejandro Otero Lopez' ("HAOL") Motion for Summary Judgment arguing that plaintiff's claim is time-barred. (Docket No. 33.) The Court has reviewed the motion and the applicable case-law and finds that plaintiff's claim is not time-barred.

**DISCUSSION**

    A motion for summary judgment is governed by Rule 56(c) of the Federal Rules of Civil Procedure, which allows disposition of a case if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Sands v. Ridefilm Corp., 212 F.3d 657, 660 (1st Cir. 2000). At the summary judgment juncture, the Court must examine the facts in the light most favorable to the non-movant, indulging that party with all possible inferences to be derived from the facts. See Rochester Ford Sales, Inc. v. Ford Motor Co., 287 F.3d 32, 38 (1st Cir. 2002).

    The following facts are not in dispute as per the parties' respective statements of uncontested material facts. (Docket Nos. 34 & 40.)

    Banco Popular de Puerto Rico (BPPR) contracted Juan R. Carvajal ("Carvajal") to inspect, on October 30, 2001, a two-story commercial building that BPPR had recently repossessed. While on the roof of the building, Carvajal fell to the ground. He was taken to the emergency room at HAOL and died approximately five hours after admission.

    On October 24, 2002, the widow and some other relatives and heirs of Mr. Carvajal filed a complaint against Federal Insurance and BPPR in the U.S. District Court for the District of Puerto Rico, Civil No. 02-2592 (RLA)(the

Civ. No. 05-1239 (PG)                                                    Page 2

"Prior Litigation"), seeking damages for the pain, loss of wages and economic loss suffered as a result of the October 30, 2001 incident. Federal Insurance provided insurance to BPPR at the time of Mr. Carvajal's death on October 30, 2001.

Federal Insurance began investigating the circumstances surrounding the accident and as part of the probe, received plaintiff's medical records and its adjuster's records. It was not, however, until Federal Insurance's attorneys received a draft report from a consulting expert, Dr. Ben Gasirowski, that it became aware that HAOL had incurred in malpractice. The record reflects that the expert report was drafted on August 13, 2003. (Docket No. 40, Exhibit B.) It is logical to presume that Federal Insurance received the report sometime thereafter.

Plaintiffs proffer evidence to show that in the Prior Litigation, Federal Insurance and BPPR settled Carvajal's claim in exchange for a release and stipulation of dismissal of the federal case and an assignment of Carvajal's rights against HAOL as well as any other person or entity responsible for Carvajal's treatment. (Docket No. 40, Exhibit C.) That Stipulation was executed on March 12, 2004 and filed with the Court on March 16, 2004. (See id.) Until the assignment was perfected, Federal Insurance had no right to assert any claim against HAOL, or any other allegedly negligent person or entity on behalf of Carvajal. (Id.)

On July 13, 2004, Federal Insurance, through its attorneys, sent an extra-judicial claim letter by certified mail, return receipt requested, to HAOL and Servicios Especializados en Salud, Inc. In the letter, Federal Insurance set forth defendants' negligence in providing treatment to Mr. Carvajal and its claim for $1 million in damages. (Docket No. 40, Exhibit D.) HAOL received the letter on or about July 15, 2004.(Id.) The present suit was filed on March 3, 2005.

HAOL argues that because the injury occurred on October 30, 2001, when plaintiff filed the present suit the one-year statute of limitations period had expired therefore, this case is time-barred.  Having reviewed the record and the circumstances of this case, it is clear that Federal Insurance did not know, or had any reason to know, that Mr. Carvajal's father's death could have been the result of negligence or medical malpractice until August of 2003. It

Civ. No. 05-1239 (PG)                                                    Page 3

would be unreasonable to require Federal Insurance to demonstrate particular diligent acts geared at discovering a negligent act it had no reason to believe had taken place.

Under Puerto Rico law, actions for damages for negligence must be commenced within one year of its accrual. 31 P.R. Laws Ann. § 5298(2). The Puerto Rico Supreme Court has interpreted this provision as incorporating a discovery rule. Villarini-García v. Hospital Del Maestro, Inc., 8 F.3d 81, 84 (1st Cir.1993); see Gonzalez-Perez v. Hosp. Interamericano, 355 F.3d 1, 2 (1st Cir.2004)("As the First Circuit has stated, "the one-year period starts to run not at the time of the injury, but upon the discovery by the injured party of the injury and of its author.") This case presents a similar scenario to the one in Guzman-Camacho v. State Ins. Fund Corp., 418 F.Supp.2d 3, 5-6 (D.P.R. 2006).

Plaintiff Juan Ramón Guzmán-Camacho filed suit claiming relief for the alleged medical malpractice which purportedly caused the death of his father, Mr. Ramón Guzmán-Torres. Plaintiff alleged that on February 4, 2002, as a result of a work-related accident, Mr. Guzmán-Torres was taken to the Industrial Hospital. There, Mr. Guzmán-Torres was treated for injuries to his abdomen, spleen, and open wounds to his tibia and fibula. Plaintiff alleged, however, that the fractures and wounds in Mr. Guzmán-Torres' legs were not immediately and properly treated. As a result thereof, Plaintiff alleged that Mr. Guzmán-Torres developed sepsis and died on February 16, 2002.  Plaintiff further averred that it was not until October 20, 2003, that he became aware that the treatment received by his father was negligent and that he had an action for medical malpractice against the hospital and treating physicians. As such, on May 26, 2004 Plaintiff filed suit. Co-defendants moved for summary judgment alleging that Plaintiff's claims were barred by the one-year statute of limitations. See Guzman-Camacho, 418 F.Supp.2d at 5-6.

The Court denied summary judgment and held that there was nothing in the record to suggest that prior to the filing of the complaint plaintiff had any indicia of the causal link between his father's death and negligence. Because plaintiff had no reason to suspect medical malpractice in the treatment of his father, it would be unreasonable to require of him specific diligent acts geared at discovering a negligence he had no reason to believe had taken

Civ. No. 05-1239 (PG)                                                    Page 4

place. Guzman-Camacho, 418 F.Supp.2d at 9-10.

Here, Mr. Carvajal had sustained a serious injury as a result of his accident and died five hours later. A reasonable person could conclude that his death was the result of his grave injury and not the result of malpractice or negligence. The facts of this case show that Federal Insurance diligently required all the necessary information to evaluate the case and the deceased's family claim. It was not until August of 2003, that the expert informed Federal Insurance that HAOL had incurred in medical malpractice in treating Mr. Carvajal which eventually lead to his death. Until that time, Federal Insurance had no reason to inquire about or presume that Mr. Carvajal had died as a result of HAOL's negligence. See Guzman-Camacho, 418 F.Supp.2d at 9; Espada v. Lugo, 312 F.3d 1, 3-5 (1st Cir.2002) (requiring knowledge of a causal nexus between the injury and the negligence or who caused it in order for a person to be deemed on notice of her cause of action). Therefore, we find that the limitations period commenced then and there and would have expired by August of 2004 and not a year after Mr. Carvajal's death[1].

On July 13, 2004, well withing the one-year period, Federal Insurance sent an extra-judicial claim to defendants. It is well-settled that the one-year period may be tolled by an extrajudicial claim of the creditor if it is addressed to the same party later sued and requests the same relief later sought in court. Benitez-Pons v. Com. of Puerto Rico, 136 F.3d at 54, 59-60 (1st Cir. 1998); see P.R. Laws Ann. tit. 31, § 5303 (2001). Plaintiff's extrajudicial claim clearly complies with these requirements. (See Docket No. 40, Exhibit D[2].) For all the above-stated reasons, we find that plaintiff's

---

[1] Even if we had doubts as to Federal Insurance's diligence in discovering the injury and the cause of the injury, we cannot grant summary judgment. It is well-settled that "[t]he question whether a plaintiff has exercised reasonable diligence is usually a jury question." Villarini-Garcia v. Hospital Del Maestro, Inc., 8 F.3d 81, 86 (1st Cir. 1993) (and cases cited therein). This is so because "factual disputes are often important in passing upon the statute of limitations defense." Id., at 86-87. "But even where no raw facts are in dispute, the issues of due diligence and adequate knowledge are still ones for the jury so long as the outcome is within the range where reasonable men and women can differ." Id.

[2] It must be noted that until the stipulation between the parties in the Prior Litigation was perfected, Federal Insurance had no right to assert any claim against HAOL or any other allegedly negligent person or entity on behalf of Carvajal. The Stipulation was executed on March 12, 2004 and filed with the Court on March 16, 2004.

Civ. No. 05-1239 (PG)                                                    Page 5

claim is not time-barred.

## CONCLUSION

WHEREFORE, defendants' Motion for Summary Judgment **(Docket No. 33)** is **DENIED**. Also, before the Court is plaintiff's Motion to Amend the Complaint pursuant to Fed. R. Civ. P. 15(a). **(Docket No. 31.)** Having reviewed the motion, defendant's opposition, and the record of the case, the Court **GRANTS** plaintiff's request.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, November 1, 2006.


                                        S/JUAN M. PEREZ-GIMENEZ
                                        U. S. DISTRICT JUDGE